FILED IN CLERK'S OFFICE
U.S.D.C.  Atlanta

OCT 0 5 2006

JAMES N. HATTEN, Clerk
By: *JKPinckky* Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

CATCH CURVE, INC.,                        )
                                          )
            Plaintiff,                    )
                                          )   Civil Action
v.                                        )   File No. 1 06 CV 2386
                                          )                    -CC
GRAPHNET, INC.,                           )
                                          )   **JURY TRIAL DEMANDED**
            Defendant.                    )
                                          )
_____ )

## COMPLAINT

Plaintiff Catch Curve, Inc. ("Catch Curve") states its Complaint against

Graphnet, Inc. ("Defendant") as follows:

### JURISDICTION AND VENUE

1.      This is an action for patent infringement arising under the patent laws

of the United States, Title 35, United States Code.

2.      This Court has subject matter jurisdiction over all causes of action set

forth herein pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.      Venue is proper in this judicial district and division pursuant to 28

U.S.C. §§1391(b) and (c).

## PARTIES

4.     Plaintiff Catch Curve is a Delaware corporation with its principal place of business in Atlanta, Georgia.

5.     Catch Curve is the owner, by assignment, of all right, title, and interest in and to the following United States Patents, including the right to bring suit for patent infringement:   United States Patent No. 4,994,926 ("the '926 patent"); United States Patent No. 5,291,302 ("the '302 patent"); United States Patent No. 5,459,584 ("the '584 patent"); United States Patent No. 6,643,034 ("the '034 patent"); and United States Patent No. 6,785,021 ("the '021 patent").

6.     Upon information and belief, Defendant is a Delaware corporation with a principal place of business at 40 Fulton Street, New York, New York 10038.

7.     This Court has personal jurisdiction over Defendant for at least the reasons that Defendant sells significant quantities of products and services that infringe the '926 patent, the '302 patent, the '584 patent, the '034 patent, and the '021 patent to customers in Georgia and in this district and division; Defendant maintains a website at www.graphnet.com that is accessible in Georgia and in this district and division and through which Defendant sells its products and services to Georgia residents; and Defendant derives significant revenues from sales in this district and division.

## THE CONTROVERSY

8.    Catch Curve is the owner of the '926 patent, the '302 patent, the '584 patent, the '034 patent, and the '021 patent.

9.    Defendant has in the past and continues to make, have made, offer for sale, sell, use, and/or import into the United States one or more products, services, and/or processes that constitute direct infringement, contributory infringement, and/or inducement to infringe one or more claims of Catch Curve's '926 patent in violation of 35 U.S.C. § 271, including, but not necessarily limited to, Defendant's XclusiveFAX, IVFS, and/or Inbound Messaging products/services.

10.   Defendant has in the past and continues to make, have made, offer for sale, sell, use, and/or import into the United States one or more products, services, and/or processes that constitute direct infringement, contributory infringement, and/or inducement to infringe one or more claims of Catch Curve's '302 patent in violation of 35 U.S.C. § 271, including, but not necessarily limited to, Defendant's XclusiveFAX, IVFS, and/or Inbound Messaging products/services.

11.   Defendant has in the past and continues to make, have made, offer for sale, sell, use, and/or import into the United States one or more products, services, and/or processes that constitute direct infringement, contributory infringement, and/or inducement to infringe one or more claims of Catch Curve's '584 patent in

violation of 35 U.S.C. § 271, including, but not necessarily limited to, Defendant's XclusiveFAX, IVFS, and/or Inbound Messaging products/services.

12.    Defendant has in the past and continues to make, have made, offer for sale, sell, use, and/or import into the United States one or more products, services, and/or processes that constitute direct infringement, contributory infringement, and/or inducement to infringe one or more claims of Catch Curve's '034 patent in violation of 35 U.S.C. § 271, including, but not necessarily limited to, Defendant's XclusiveFAX, IVFS, and/or Inbound Messaging products/services.

13.    Defendant has in the past and continues to make, have made, offer for sale, sell, use, and/or import into the United States one or more products, services, and/or processes that constitute direct infringement, contributory infringement, and/or inducement to infringe one or more claims of Catch Curve's '021 patent in violation of 35 U.S.C. § 271, including, but not necessarily limited to, Defendant's XclusiveFAX, IVFS, and/or Inbound Messaging products/services.

## COUNT ONE:
### INFRINGEMENT OF U.S. PATENT NO. 4,994,926

14.    Catch Curve realleges and incorporates herein the allegations of paragraphs 1 through 13 of this Complaint as if fully set forth herein.

15.    Defendant has in the past and continues to engage in the manufacture, use, sale, offer for sale, and/or importation of products, services, and/or processes

4

that infringe, directly and/or indirectly, one or more of the claims of Catch Curve's '926 patent, in violation of 35 U.S.C. § 271. The infringing products, services, and/or processes manufactured, used, sold, offered for sale, and/or imported by Defendant include, but are not necessarily limited to, Defendant's XclusiveFAX, IVFS, and/or Inbound Messaging products/services.

16. Catch Curve informed Defendant of the '926 patent and the activity that is believed to be an infringement of the '926 patent, accompanied by a proposal to abate the infringement by license, at least as early as July 12, 2002.

17. Defendant's infringement of Catch Curve's '926 patent has been, and continues to be, willful.

18. Catch Curve has and continues to suffer damages as a direct and proximate result of Defendant's infringement of Catch Curve's '926 patent, and will suffer additional and irreparable damages unless Defendant is permanently enjoined by this Court from continuing its infringement. Catch Curve has no adequate remedy at law.

19. Catch Curve is entitled to: (1) damages adequate to compensate it for Defendant's infringement, which amounts to, at a minimum, a reasonable royalty; (2) treble damages; (3) its attorney fees and costs; and (4) a preliminary and permanent injunction.

## COUNT TWO:
## INFRINGEMENT OF U.S. PATENT NO. 5,291,302

20. Catch Curve realleges and incorporates herein the allegations of paragraphs 1 through 19 of this Complaint as if fully set forth herein.

21. Defendant has in the past and continues to engage in the manufacture, use, sale, offer for sale, and/or importation of products, services, and/or processes that infringe, directly and/or indirectly, one or more of the claims of Catch Curve's '302 patent, in violation of 35 U.S.C. § 271. The infringing products, services, and/or processes manufactured, used, sold, offered for sale, and/or imported by Defendant include, but are not necessarily limited to, Defendant's XclusiveFAX, IVFS, and/or Inbound Messaging products/services.

22. Catch Curve informed Defendant of the '302 patent and the activity that is believed to be an infringement of the '302 patent, accompanied by a proposal to abate the infringement by license, at least as early as July 12, 2002.

23. Defendant's infringement of Catch Curve's '302 patent has been, and continues to be, willful.

24. Catch Curve has and continues to suffer damages as a direct and proximate result of Defendant's infringement of Catch Curve's '302 patent, and will suffer additional and irreparable damages unless Defendant is permanently

6

enjoined by this Court from continuing its infringement. Catch Curve has no adequate remedy at law.

25.    Catch Curve is entitled to: (1) damages adequate to compensate it for Defendant's infringement, which amounts to, at a minimum, a reasonable royalty; (2) treble damages; (3) its attorney fees and costs; and (4) a preliminary and permanent injunction.

## COUNT THREE:
## INFRINGEMENT OF U.S. PATENT NO. 5,459,584

26.    Catch Curve realleges and incorporates herein the allegations of paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27.    Defendant has in the past and continues to engage in the manufacture, use, sale, offer for sale, and/or importation of products, services, and/or processes that infringe, directly and/or indirectly, one or more of the claims of Catch Curve's '584 patent, in violation of 35 U.S.C. § 271. The infringing products, services, and/or processes manufactured, used, sold, offered for sale, and/or imported by Defendant include, but are not necessarily limited to, Defendant's XclusiveFAX, IVFS, and/or Inbound Messaging products/services.

28.    Catch Curve informed Defendant of the '584 patent and the activity that is believed to be an infringement of the '584 patent, accompanied by a proposal to abate the infringement by license, at least as early as July 12, 2002.

7

29.    Defendant's infringement of Catch Curve's '584 patent has been, and continues to be, willful.

30.    Catch Curve has and continues to suffer damages as a direct and proximate result of Defendant's infringement of Catch Curve's '584 patent, and will suffer additional and irreparable damages unless Defendant is permanently enjoined by this Court from continuing its infringement.   Catch Curve has no adequate remedy at law.

31.    Catch Curve is entitled to:  (1) damages adequate to compensate it for Defendant's infringement, which amounts to, at a minimum, a reasonable royalty; (2) treble damages; (3) its attorney fees and costs; and (4) a preliminary and permanent injunction.

**COUNT FOUR:**
**INFRINGEMENT OF U.S. PATENT NO. 6,643,034**

32.    Catch Curve realleges and incorporates herein the allegations of paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33.    Defendant has in the past and continues to engage in the manufacture, use, sale, offer for sale, and/or importation of products, services, and/or processes that infringe, directly and/or indirectly, one or more of the claims of Catch Curve's '034 patent, in violation of 35 U.S.C. § 271.  The infringing products, services, and/or processes manufactured, used, sold, offered for sale, and/or imported by

8

Defendant include, but are not necessarily limited to, Defendant's XclusiveFAX, IVFS, and/or Inbound Messaging products/services.

34.    Catch Curve provided actual notice to Defendant of its infringement of the '034 patent, as corrected on September 12, 2006, upon the filing of this Complaint.

35.    Defendant is willfully infringing Catch Curve's '034 patent.

36.    Catch Curve has and continues to suffer damages as a direct and proximate result of Defendant's infringement of Catch Curve's '034 patent, and will suffer additional and irreparable damages unless Defendant is permanently enjoined by this Court from continuing its infringement.  Catch Curve has no adequate remedy at law.

37.    Catch Curve is entitled to:  (1) damages adequate to compensate it for Defendant's infringement, which amounts to, at a minimum, a reasonable royalty; (2) treble damages; (3) its attorney fees and costs; and (4) a preliminary and permanent injunction.

## COUNT FIVE:
## INFRINGEMENT OF U.S. PATENT NO. 6,785,021

38.    Catch Curve realleges and incorporates herein the allegations of paragraphs 1 through 37 of this Complaint as if fully set forth herein.

39.    Defendant has in the past and continues to engage in the manufacture, use, sale, offer for sale, and/or importation of products, services, and/or processes that infringe, directly and/or indirectly, one or more of the claims of Catch Curve's '021 patent, in violation of 35 U.S.C. § 271.  The infringing products, services, and/or processes manufactured, used, sold, offered for sale, and/or imported by Defendant include, but are not necessarily limited to, Defendant's XclusiveFAX, IVFS, and/or Inbound Messaging products/services.

40.    Catch Curve provided actual notice to Defendant of its infringement of the '021 patent, as corrected on September 12, 2006, upon the filing of this Complaint.

41.    Defendant is willfully infringing Catch Curve's '021 patent.

42.    Catch Curve has and continues to suffer damages as a direct and proximate result of Defendant's infringement of Catch Curve's '021 patent, and will suffer additional and irreparable damages unless Defendant is permanently enjoined by this Court from continuing its infringement.  Catch Curve has no adequate remedy at law.

43.    Catch Curve is entitled to:  (1) damages adequate to compensate it for Defendant's infringement, which amounts to, at a minimum, a reasonable royalty;

(2) treble damages; (3) its attorney fees and costs; and (4) a preliminary and permanent injunction.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Catch Curve, Inc. prays that the Court enter judgment in favor of Plaintiff and against Defendant Graphnet, Inc. as follows:

A.    That Defendant be ordered to pay damages adequate to compensate Catch Curve for Defendant's infringement of Catch Curve's United States Patent No. 4,994,926; United States Patent No. 5,291,302; United States Patent No. 5,459,584; United States Patent No. 6,643,034; and United States Patent No. 6,785,021, pursuant to 35 U.S.C. § 284;

B.    That Defendant be ordered to pay treble damages and attorney's fees pursuant to 35 U.S.C. §§ 284 and 285;

C.    That Defendant be enjoined from further infringement of Catch Curve's United States Patent No. 4,994,926; United States Patent No. 5,291,302; United States Patent No. 5,459,584; United States Patent No. 6,643,034; and United States Patent No. 6,785,021, pursuant to 35 U.S.C. § 283;

D.    That Defendant be ordered to pay prejudgment interest;

E.    That Defendant be ordered to pay all costs associated with this action; and

11

F.    That Catch Curve be granted such other and additional relief as the Court deems just, equitable, and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Catch Curve, Inc. demands a trial by jury of all issues triable of right by a jury.

This 5th day of October, 2006

Scott A. Horstemeyer
Georgia State Bar No. 367836
Dan R. Gresham
Georgia State Bar No. 310280
**THOMAS, KAYDEN, HORSTEMEYER & RISLEY, L.L.P.**
100 Galleria Parkway
Suite 1750
Atlanta, Georgia 30339
Telephone: (770) 933-9500
Facsimile: (770) 951-0933

Attorneys for Plaintiff, Catch Curve, Inc.

00431677

12