**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| CATCH CURVE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action |
| | ) | File No. 1:06-CV-2386-CC |
| v. | ) | |
| | ) | |
| GRAPHNET, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY**
**OF DEFAULT JUDGEMENT OR, IN THE ALTERNATIVE, TO COMPEL**
**DEFENDANT TO COMPLY WITH ITS DISCLOSURE OBLIGATIONS**
**UNDER THE LOCAL PATENT RULES AND FOR SANCTIONS**

Plaintiff Catch Curve, Inc. ("Catch Curve") is entitled to entry of a default

judgment against Defendant Graphnet, Inc. ("Defendant") based on Defendant's

willful failure to comply with its disclosure obligations under this Court's Local

Patent Rules, which constitutes contempt of the Court's Order of February 26,

2008. In the alternative, Defendant should be compelled immediately to comply

with its obligations under the Local Patent Rules. Catch Curve should also be

awarded its costs and attorneys fees incurred in bringing this motion.

## BACKGROUND AND STATEMENT OF FACTS

**A.    Defendant's Pattern of Delay**

This case was originally filed on October 5, 2006.  The Summons and Complaint were served on Defendant on October 17, 2006.  Since that time, Defendant has engaged in a pattern of delay.  Defendant filed a motion to dismiss for lack of personal jurisdiction of to transfer venue, which was denied by the Court's Order of September 28, 2007.

Defendant thereafter requested an extension of time to serve its Answer, to which Catch Curve consented.  Defendant's first set of attorneys filed a Motion to Withdraw on October 16, 2007.  After Defendant's first set of attorneys withdrew, Defendant retained a second set of attorneys, who filed an Answer and Counterclaim on behalf of Defendant October 22, 2007.

Pursuant to this Court's Local Rules and Local Patent Rules, the discovery period opened on November 21, 2007.  Catch Curve served its Local Patent Rule (LPR) 4.1 Infringement Contentions on December 21, 2007.  A copy of Plaintiff's LPR 4.1 Infringement Contentions is attached hereto as Exhibit A.  Pursuant to LPRs 4.2 and 4.4, Defendant's Responses to Infringement Contentions were due on January 21, 2008.  Pursuant to LPRs 4.3 and 4.4, Defendant's Invalidity Contentions were due on January 21, 2008.

Due to a change of address by one of Defendant's second set of attorneys (Mr. Chaiken), the Infringement Contentions were re-served by mail on December 28, 2007.  Catch Curve agreed to a request by Mr. Chaiken to consent to an extension of time for service of Defendant's responses thereto until January 28, 2008.

Defendant's second set of attorneys, however, filed a Motion to Withdraw on January 18, 2008, which was denied by the Court by Order of February 14, 2008 for failure to comply with Local Rule 83.1(E)(2)(b).  Defendant's second set of attorneys then filed a Second Motion to Withdraw on February 19, 2008, citing a lack of communication from their client as a basis for the withdrawal.

Defendant's second set of attorneys also filed a Motion for Extension of Time to respond to Patent Rule 4.4 disclosures/responses on behalf of Defendant on February 19, 2008.  According to that motion, Defendant's refusal to communicate with its own counsel prevented counsel from submitting substantive and timely Responses to Infringement Contentions or Invalidity Contentions on Defendant's behalf, as required by the Local Patent Rules.

Citing Defendant's clear pattern of delay, caused by Defendant's refusal to communicate with its own attorneys, Catch Curve opposed the Motion for

Extension of Time to respond to Patent Rule 4.4 disclosures/responses filed by Defendant's second set of attorneys.

On February 26, 2008, this Court entered an Order allowing Defendant's second set of attorneys to withdraw and granting Defendant an extension of time to respond to the Patent Rule 4.4 disclosures/responses. The Order states, in pertinent part, as follows:

> This Court **ORDERS** Defendant to obtain new counsel within thirty (30) days and ***to respond to the Patent Rule 4.4 disclosures/responses by thirty (30) days from the entry of an appearance of counsel. No further extensions will be granted***, including extensions for an inability of Defendant's counsel to communicate with Defendant, ***and Defendant's continued failure to respond may result in a default judgment for the Plaintiff***.

(emphasis added).

On March 27, 2008, Defendant's current attorney (its third) entered his appearance. Pursuant to the Court's Order, Defendant's Patent Rule 4.4 disclosures/responses were due thirty (30) days thereafter, on April 28, 2008. This was more than three months after the disclosures/responses were originally due on January 21, 2008.

4

**B.**   **The Inadequacy of Defendant's Patent Rule 4.4 Disclosures/Responses**

On April 28, 2008, Defendant's third attorney served two documents that were ostensibly responsive to Catch Curve's LPR 4.1 Infringement Claim Charts. These documents were entitled "Defendant's Response to Infringement Contentions of Plaintiff Under LPR 4.2" (copy attached hereto as Exhibit B); and "Defendant Graphnet's Response to Plaintiff's Chart of Claims" (copy attached hereto as Exhibit C).

The documents served by Defendant's third attorney on April 28, 2008, however, did not comply with the requirements of LPR 4.2, for at least the following reasons: (1) Defendant's Responses did not include a chart responsive to the detailed infringement claim charts served by Catch Curve; (2) Defendant's Responses did not either acknowledge or deny whether each element of each asserted claim is found within each of Defendant's accused products; and (3) Defendant did not provided ***any*** of the documentation listed in LPR 4.2(a)(2) sufficient to show the operation or composition of Defendant's accused products.

The responses served by Defendant on April 28, 2008 also included the following statement: "Defendant fully anticipates supplementing additional information in response to Plaintiff's LPR 4.1 Infringement Contentions within 33 days of the filing of these responses" (See Exhibit B, p. 1). This statement by

Defendant was a clear and willful violation of the Court's February 26, 2008 Order, which stated specifically that Defendant's responses pursuant to LPR 4.4 were due by thirty (30) days from the entry of an appearance of counsel, and that *no further extensions would be granted*.  Defendant's statement that it anticipated supplementing its patently inadequate responses within 33 days was both arbitrary and in direct contravention of the Court's Order that no further extensions would be granted.

On April 28, 2008, Defendant also served a document entitled "Defendant Graphnet's LPR 4.3 Initial Invalidity Contentions to Plaintiff's Claims for Patents" (copy attached hereto as Exhibit D).  As with the Defendant's ostensible responses to infringement contentions, Defendant's ostensible Invalidity Contentions failed to comply with the requirements of LPR 4.3 for at least the reasons that (1) Defendant failed to identify each item of alleged prior art that allegedly anticipates each asserted claim or renders it obvious; (2) Defendant failed to indicate whether invalidity is alleged on the basis of anticipation or obviousness; and (3) Defendant failed to include a chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found.

Again, Defendant ignored the Court's admonition that "no further extensions will be granted" by stating that "Defendant *shall supplement this response with*

***additional general and technical information*** outlining in detail that the patents on the claimed technology in this case are neither patentable nor unique, and have otherwise been in general prevalent use prior to the patent application and patent grant dates to Catch Curve and its predecessors". (Exhibit D, pp. 1-2) (emphasis added). Yet this type of information is required by the plain language of the Local Rules to be provided in the LPR 4.3 Initial Invalidity Contentions, not at some vague time in the future. Defendant's unilateral attempt to extend the time for its compliance was in knowing and willful contempt of this Court's Order that no further extensions would be granted.

C.    **Catch Curve's Good Faith Efforts to Obtain Defendant's Compliance With Its Disclosure/Response Obligations Without Court Intervention**

On May 5, 2008, the undersigned counsel for Catch Curve wrote to Defendant's third attorney, bringing the above-referenced deficiencies to his attention. Catch Curve requested in that letter that Defendant voluntarily remedy the deficiencies in its disclosures/response so that it would not be necessary to seek the Court's intervention to compel such disclosure. A copy of this letter is attached as Exhibit E.

On May 9, 2008, Defendant's third attorney sent a letter in reply, which indicated that supplemental disclosures/responses were "attached." A copy of this letter is attached as Exhibit F. Defendant's third attorney also filed a Certificate of

Service indicating that "Graphnet's First Supplemental Response to its Patent Disclosures" were mailed to counsel for the Plaintiff via first class mail on May 9, 2008.  In fact, however, no additional documents were attached to or provided with the May 9, 2008 letter from Defendant's third attorney.

On May 13, 2008, the undersigned counsel for Catch Curve received a document entitled "Graphnet's First Supplemental Response to its Patent Disclosures."  A copy of this document is attached as Exhibit G.  After reviewing these materials, it became clear that Defendant was still failing to comply with its disclosure/response obligations under the Local Patent Rules.

LPR 4.2 specifically requires Defendant to provide "a copy of source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation or composition of an Accused Instrumentality identified in the Disclosure of Infringement Contentions" with its response to infringement contentions.  This information was not provided with the documents served on April 28, 2008, nor was it provided with the document received on May 13, 2008.

In his letter of May 9, 2008, Defendant's third attorney stated that the materials required by LPR 4.2 would be provided "upon the execution of an appropriate non-disclosure agreement to be agreed upon by the parties."  This

statement, however, is contrary to the requirements of the Local Patent Rules that a party's disclosure obligations cannot be delayed because a case specific protective order has not been entered.   LPR 2.1 specifically provides for protection of confidential information produced prior to entry of a case specific protective order. Therefore, Defendant may designate any confidential material in accordance with LPR 2.1, but in view of the protection afforded by LPR 2.1, Defendant cannot further delay compliance with its disclosure obligations until a case specific protective order is entered.

Defendant's untimely supplemental disclosure of April 13, 2008 likewise failed to remedy its noncompliance with LPR 4.3 regarding invalidity contentions. Although Defendant provided certain references that it presumably alleges are prior art, Defendant failed to comply with its obligations under LPR 4.3 to identify whether each item of alleged prior art allegedly anticipates each asserted claim or renders it obvious, and to provide a chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found.

Therefore, on May 15, 2008, Catch Curve's counsel again wrote to Defendant's counsel, pointing out the deficiencies in Defendant's LPR 4.2 and 4.3 disclosures/responses.   Catch Curve informed Defendant's counsel that if the deficiencies were not remedied by May 20, 2008, Catch Curve would be forced to

seek the Court's intervention to compel Defendant's compliance with its disclosure/response obligations under the Local Patent Rules. A copy of that letter is attached as Exhibit H.

To date, the undersigned attorney for Catch Curve has not received a response to his May 15, 2008 letter. Accordingly, Catch Curve is left with no choice but to seek the Court's intervention.

## ARGUMENT AND CITATION OF AUTHORITIES

A patent infringement defendant's disclosure/response obligations under the Local Patent Rules are set forth in LPR 4.2 and 4.3, which must be served within the time mandated by LPR 4.4. In this case, the Court's Order of February 26, 2008 gave the Defendant additional time to make its LPR 4.2 and 4.3 disclosures.

**A.    Defendant's Responses to Infringement Contentions Fail to Comply With LPR 4.2**

With respect to infringement contentions, LPR 4.2 states as follows:

(a) A party opposing a claim of infringement shall make the following Response to Infringement Contentions within the time period provided by these rules:

1) The Response to Infringement Contentions *shall include a chart responsive to the claims chart* contained within the Disclosure of Infringement Contentions, *and shall either acknowledge or deny whether each element of each asserted claim is found within each Accused Instrumentality*;

2) The Response to Infringement Contentions ***shall include a copy of source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation or composition of an Accused Instrumentality*** identified in the Disclosure of Infringement Contentions within the time period specified by these Rules.

(emphasis added).

The (non)responsive claim charts provided by Defendant on May 13, 2008 (more than two weeks after the deadline mandated by the Court's February 26, 2008 Order) fail to acknowledge that *any* element of *any* asserted claim is present in the accused instrumentality.  Instead, Defendant's (non)responsive claim charts repeat, for each element of each asserted claim, the boilerplate statement "this element is not present within the accused service."  As it cannot be disputed that at least some elements of the asserted claims are present in Defendant's accused instrumentality, this blanket denial is contrary to the letter and spirit of the Local Patent Rules as well as Defendant's obligations under Rule 11 of the Federal Rules of Civil Procedure.

Defendant's blanket denial of each element of each asserted claim represents precisely the type of obfuscation and gamesmanship that the Local Patent Rules were intended to eliminate.  As this Court has noted, "the rules were enacted to elicit the parties' positions on infringement and invalidity early in the case.  By requiring the parties to take positions sooner rather than later, the Local Patent

Rules discourage gamesmanship and tend to facilitate early resolution of the dispute."  McKesson Information Solutions LLC v. Epic Systems Corp., 495 F.Supp.2d 1329, 1332 (N.D. Ga. 2007).

Defendant also failed to comply with its obligation under LPR 4.2(a)(2) to provide, with its Response to Infringement Contentions, "a copy of source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation or composition of an Accused Instrumentality identified in the Disclosure of Infringement Contentions."  To date, Defendant has not provided any of this information.  See McKesson, 495 F. Supp.2d at 1333 (noting that this type of information must be provided **with** an accused infringing party's Response to Infringement Contentions).

Defendant cannot rely on the fact that a case specific protective order has not been entered to delay its disclosure obligations under LPR 4.2.  Instead, disclosures must be made pursuant to LPR 2.1, which provides as follows:

> (a)  If any document or information produced is deemed confidential by the producing party and if the Court has not entered a protective order, until a protective order is issued by the Court, the document shall be marked "Confidential -- Subject to Protective Order" by the disclosing party and disclosure shall be limited to each party's outside attorney(s) of record and the employees of such outside attorney(s).

See McKesson, 495 F. Supp.2d at 1332 ("[T]he Local Patent Rules were intended to address the types of disputes which frequently arise in patent cases but which are generally addressed similarly - for example, how to treat confidential information prior to the entry of a protective order. *See* LPR 2.1.").

Accordingly, Defendant's responses to infringement contentions are inadequate, and Defendant's failure to produce the information and documents required by LPR 4.2(a)(2) is unjustified and in clear violation of this Court's Order of February 26, 2008, which required Defendant's LPR 4.4 disclosures/responses to be provided by April 28, 2008, and stated that no further extensions would be granted to Defendant to comply with its disclosure/response obligations.

**B.    Defendant's Invalidity Contentions Fail to Comply with LPR 4.3**

With respect to invalidity contentions, LPR 4.3 states as follows:

(a) Each party opposing a claim of patent infringement, and each party seeking a declaratory judgment of patent invalidity, shall serve on all parties its Disclosure of Invalidity Contentions at the time specified in these rules, which shall contain the following information:

> 1) *The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious;*

>> i)    Prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or

entity which made the information known or to whom it was made known.

ii)   Prior art under 35 U.S.C. § 102(f) shall be identified by providing the mane of person(s) or entity(ies) involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

iii)   Prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entity(ies) involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

***2)   For each item of prior art disclosed, whether each item of prior art anticipates each asserted claim or renders it obvious.   If the disclosing party contends that a combination, and the motivation to combine such items, shall be identified.***

***3)   A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found;***

4)   Any grounds of invalidity based on any applicable provision of 35 U.S.C. § 112,

(b)   ***The Disclosure shall include a copy of each item of prior art identified in the Disclosure comprising a printed publication if such item of prior art does not appear in the file history of the patent(s) at issue***.  To the extent any such item is not in English, an English translation of the portion(s) relied upon shall be produced.

(emphasis added).

Defendant's alleged invalidity contentions do not comply with the requirements of LPR 4.3 for at least the reasons that, although Defendant has provided certain references that it presumably alleges are prior art, Defendant has

(1) failed identify whether each item of alleged prior art allegedly anticipates each asserted claim or renders it obvious; and (2) failed to provide a chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found.

Again, Defendant's noncompliance with its obligations under LPR 4.3 is in violation of the Court's February 26, 2008 Order.

**C.    The Appropriate Remedy for Defendant's Willful Noncompliance with the Court's Order and its Obligations Under the Local Patent Rules is <u>Entry of a Default Judgment</u>**

In its Order dated February 26, 2008, the Court gave Defendant the opportunity to hire a third set of attorneys and extended the time for Defendant to comply with its disclosure/response obligations under LPR 4.4 until "thirty (30) days from the entry of an appearance of counsel."  The Court further put Defendant on notice that "[n]o further extensions will be granted, including extensions for an inability of Defendant's counsel to communicate with Defendant, ***and Defendant's continued failure to respond may result in a default judgment for the Plaintiff***." (emphasis added).

Pursuant to the Court's Order and the appearance of Defendant's third attorney on March 27, 2008, Defendant's LPR 4.4 disclosures/responses were due on April 28, 2008.  Defendant's service of noncompliant disclosures/responses on

April 28, 2008, and its failure to remedy its noncompliance, which forced Catch Curve to file this motion, is in willful disregard of the Court's Order. Defendant's game-playing with respect to its disclosure/response obligations amounts to an attempt to circumvent the Court's clear admonishment that "no further extensions will be granted" for it to comply therewith. The date for compliance was April 28, 2008. It is now over three weeks later, and Defendant has still not complied with its disclosure/response obligations as ORDERED by the Court, even though Catch Curve has attempted, in good faith, to obtain adequate disclosures/responses from Defendant without seeking the Court's intervention.

Accordingly, the Court should enter a default judgment against Defendant deeming Catch Curve's Infringement Contentions admitted and precluding Defendant from challenging the validity of the patents-in-suit. Such a remedy is appropriate under Federal Rules of Civil Procedure 37(b) and 41(b), and under the Court's inherent power to enter sanctions, due to Defendants' failure to comply with the Local Patent Rules and the Court's February 26, 2008 Order. See Roadway Express, Inc. v. Piper, 447 U.S. 752, 763-64 (1980) (recognizing a court's authority under Rule 37 and its inherent power to control its docket to "render a judgment by default against the disobedient party"); see also Cintect International, Ltd. v. Parkes, 468 F.Supp.2d 77, 78 (D.D.C. 2006) (holding that

entry of a default judgment in a patent case was an appropriate sanction against "an essentially unresponsive party" to protect the opposing party from "interminable delay and continued uncertainty" and to deter "those parties who choose delay as part of their litigative strategy").

Here, the Court put Defendant on notice on February 26, 2008 that no further delays would be tolerated and that "***Defendant's continued failure to respond may result in a default judgment for the Plaintiff.***"   Nevertheless, Defendant failed to provide adequate LPR 4.4 disclosures/responses by the April 28, 2008 deadline mandated by the Court's Order, and to date has failed to comply with its obligations under the Local Patent Rules.  This constitutes a clear case of contempt for Catch Curve's rights and for the judicial process.  The appropriate remedy is entry of a default judgment against Defendant as to all liability issues in the Complaint and counterclaim.

If the Court believes that default is too severe a sanction, Catch Curve respectfully requests that Defendant be required immediately to comply with its disclosure/response obligations under the Local Patent Rules.

**D.   Catch Curve Should Be Awarded Its Costs and Attorneys Fees Incurred in Bringing This Motion**

Rule 37(a)(5) of the Federal Rules of Civil Procedure provides for the payment of costs and attorney's fees incurred in bringing a motion to compel discovery as follows:

> If the motion is granted -- or if the disclosure or requested discovery is provided after the motion was filed -- the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Here, Defendant's pattern of delay resulted in the filing of this motion, despite Catch Curve's good faith efforts to resolve the dispute without Court intervention.  Accordingly, Catch Curve should be awarded its costs and attorney's fees incurred in making this motion.

## CONCLUSION

For the reasons set forth above, a judgment of default should be entered against the Defendant based on its willful failure to comply with its disclosure/response obligations under this Court's Local Patent Rules, which constitutes contempt of the Court's Order of February 26, 2008.  In the alternative, Defendant should be compelled immediately to comply with its obligations under

the Local Patent Rules.   Catch Curve should also be awarded its costs and attorneys fees incurred in bringing this motion.

## CERTIFICATION OF COUNSEL

Pursuant to Fed. R. Civ. P. 37(a)(1) and Local Rule 37.1, the undersigned counsel for the movant certifies that he has in good faith conferred or attempted to confer with counsel for the Defendant in an effort to secure the disclosure sought by this motion without court action.

## LOCAL RULE BRIEF CERTIFICATION

The undersigned certifies pursuant to Local Rule 7.1(D) that the foregoing brief has been prepared with the font and point approved by the Court in Local Rule 5.1B and does not contain more than 10 characters per inch.

Respectfully submitted, this 22nd day of May, 2008.


                            s/Dan R. Gresham
                            Scott A. Horstemeyer
                            Georgia State Bar No. 367836
                            Dan R. Gresham
                            Georgia State Bar No. 310280
                            Cynthia J. Lee
                            Georgia State Bar No. 442999
                            **THOMAS, KAYDEN, HORSTEMEYER**
                                    **& RISLEY, L.L.P.**
                            600 Galleria Parkway
                            Suite 1500
                            Atlanta, Georgia 30339
                            Telephone:(770) 933-9500
                            Facsimile: (770) 951-0933

                            Attorneys for Plaintiff Catch Curve, Inc.

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

CATCH CURVE, INC.,        )
                                        )
          Plaintiff,         )      Civil Action
                                        )      File No. 1:06-CV-2386-CC
v.                                )
                                        )
GRAPHNET, INC.,         )
                                        )
          Defendant.     )
_____)

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 22, 2008, a copy of the foregoing **"MEMORANDUM IN SUPPORT PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT OR, IN THE ALTERNATIVE, TO COMPEL DEFENDANT TO COMPLY WITH ITS DISCLOSURE OBLIGATIONS UNDER THE LOCAL PATENT RULES AND FOR SANCTIONS"** was caused to be served upon the Defendant's attorney of record as indicated:

Terry D. Jackson, Esq.
**Terry D. Jackson, P.C.**
600 Edgewood Avenue
Atlanta, GA 30312
*Service via Electronic Filing with
the ND Ga. Clerk of Court using the CM/ECF system.*

s/Dan R. Gresham
_____

21