IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CATCH CURVE, INC., | : | |
| | : | |
| Plaintiff, | : | Civil Action File No. |
| | : | 1:06-CV-2386-CC |
| v. | : | |
| | : | |
| GRAPHNET, INC., | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT GRAPHNET'S BRIEF IN RESPONSE TO CATCH CURVE'S MOTION FOR ENTRY OF DEFAULT JUDGMENT OR IN THE ALTERNATIVE TO COMPEL DISCOVERY RESPONSES**

COMES NOW Defendant Graphnet, Inc. and responds as follows:

**OVERVIEW**

At the end of April, as ordered by this Court, Defendant Graphnet filed initial patent disclosures in response to the claims charts in this case and as required by local rules. Due to the fact that Defendant's counsel was new to the case, he did not have many of the documents necessary to respond to Plaintiff's disclosures. However, counsel produced over one hundred documents and responded that Defendant would supplement its responses shortly, as required by patent rules.

Within less than a week, as reflected on Catch Curve's exhibits to its motion, it began to write and threaten Graphnet with sanctions and other conduct unless we immediately did as it demanded. Defendant's counsel wrote to Plaintiff and told it quite clearly that we would comply with all orders of this Court, including providing further document disclosures and requested that they sign a confidentiality order agreeing not to disclose Graphnet's intellectual property and trade secrets that it has developed since 1978 – long before Catch Curve's claim to patents. Exhibit F to Catch Curve's Motion.

Instead of returning telephone calls to their office, Plaintiff embarked on a letter writing campaign and filed the instant motion before Graphnet had an opportunity to supplement its responses as required by the Court.

Defendant is in the process of copying more than 1,000 documents showing the source code for its intellectual property and trade secrets and has agreed to allow Catch Curve to have access to these documents. In return, all that Graphnet has requested is that Catch Curve execute a confidentiality order appropriate for a patent case, which to date it refuses to consider.

There is no discovery dispute in this case, but merely Catch Curve's continued posturing in this case that Graphnet is not complying with the orders of this Court. Again, Graphnet has complied and stated in its prior response that it is

fully willing to comply with the orders of this Court and is in the process of producing the documents so that this matter will not be delayed further.

There is no factual or legal merit to this motion, and Plaintiff Catch Curve is simple trying to create controversy where none exists, seeking attorney's fees.

## ARGUMENT & CITATION OF AUTHORITY

On page 9 of its brief, Catch Curve states that it did not receive a response to its letter dated May 15, 2008, before it filed its motion dated May 22, 2008. That letter illustrates the spirit of Catch Curve's filings in this case. It sends a letter dated Thursday, May 15, 2008, received by Defendant's counsel on Friday, May 16, 2008 while counsel was out of the office, threatening to file motions unless Defendant produced documents that it is accumulating to respond to patent disclosures in this case required to be filed by Tuesday, May 20, 2008. True to their promise, while Defendant's counsel was out of the country on vacation with his children at their end of their school year, Plaintiff's counsel filed a motion for default judgment or to compel discovery responses on Thursday, May 22, 2008.

In the initial filings with the Court on April 28, 2008, and all correspondence since that time to Catch Curve's counsel, we have related that Defendant is accumulating all the voluminous documents Plaintiff has requested in this case and to respond otherwise, as required by rules of this Court. Apparently, that is not

good enough and it is clear by the time line set out by Plaintiff's own motion, that Plaintiff is simply posturing for attorney's fees and trying to create a controversy where none exists.  If Catch Curve's counsel had return any of the telephone calls Defendant's counsel made to his office, this matter could have been resolved rather quickly over the telephone, instead of the instant motion.  Instead, Plaintiff wrote letters and when calls were made to Plaintiff's counsel respond to those letters, no responses are received by Defendant.  Graphnet is in the process of scanning and Bates-stamping over 1,000 pages of code relating to its business in this case, which has been developed a decade prior to any patent filed by Catch Curve, and we will object vociferously if Catch Curve, like it has with this motion, filed privileged and confidential information attached to a motion.

In <u>McKesson Inform. Solutions, LLC. v. Epic Systems Corps.</u>, 495 F. Supp. 2d. 1329, 1336 [7,8] (N.D. Ga. 2007), the trial court declined to award attorney's fees and costs and/or enter a more harsh sanction, such as default judgment, where the party was attempting to comply with the disclosures under the patent rules.

In this case, Graphnet has provided over one hundred documents responsive to Catch Curve's claims chart, and as required by rules of this Court, Graphnet has stated in its disclosures and in letters, that we are in the process of obtaining, scanning, and producing all documents to Plaintiff.  Graphnet intends and shall

fully comply with all rules of this Court, including all mandatory patent disclosures.

Default judgment is a hard sanction and is typically reserved for Defendants who refused to comply with orders, despite being prior sanctions entered against them, and having very direct and pointed warnings from the Court that their answer is about to be stricken for failure to comply with discovery. <u>Malautea v. Suzuki Motor Co., Ltd</u>. 987 F. 2d. 1536 (11th Cir. 1993).

Graphnet provided voluminous discovery documents on April 28, 2008, and while its counsel was out of the country on vacation beginning May 22, 2008 Plaintiff filed its instant motion on that same date.  Graphnet is in the process of producing in excess of 1,000 additional documents to Plaintiff in this case, so that it may review them as it relates to this case.  Graphnet is making a Herculean effort to provide all relevant discovery in this case as required.  This is not a case where there is an ongoing pattern of misconduct by Defendant, and current counsel of record intends to produce any and all documents in Defendant's possession as the Defendant has been directed in no uncertain terms to produce the documents responsive to Catch Curve's discovery requests.

Graphnet has responded in good faith and has produced hundreds of documents in this case, is in the process of producing thousands of more

documents, and it has not done anything in this case that it would not merit the interest of a default judgment.  In re Seroquel Products Liability Litigation, 244 F.R.D. 650 (M.D. Fla. 2007), the Court did not enter default where a large drug manufacturer had failed to provide documents in electronic format, but simply ordered them to respond appropriately, as required by Rule 37.

This case is easier, Graphnet has been providing documents in electronic format, Bates-stamped, as a courtesy in lieu of copying and it intends to do the same with the additional thousands of documents that are being scanned in this case.  Causing Plaintiff unnecessary time, cost, and expense is not the goal or aim of any litigation, and Graphnet, as long as it is represented by its current counsel, intends to make sure that all documents are produced timely and in electronic format, if at all possible.

Graphnet will provide additional documents to Plaintiff in a Bates-stamped format on a CD-ROM or thumb drives, and simply request that Plaintiff keep this information confidential during the pendency of this litigation.  Graphnet has not attempted and is not attempting to skirt, avoid, or get cute with the rules of this Court or its requirements under the federal rules of civil procedure, but due to the voluminous nature of these documents and Graphnet's location in New York, it has been difficult to get these documents forwarded, scanned, and appropriately

formatted to respond since Defendant's initial response was filed on April 28, 2008. These documents are being produced within a 60-day time frame of Defendant's initial responses, and Graphnet respectfully asserts this is a more than a good faith effort to timely comply given the nature of this litigation – the withdrawal of two law firms representing Defendant, and Graphnet's struggle to find affordable local counsel to represent it in these matters.

Default is a drastic sanction and should only be granted where other measures by the Court have failed, and a party fails to comply with or defies the Court's directions. In Re Atlantic Intern. Mortg. Co., 352 B.R. 503 (M.D. Fla. 2006); Serra Chevrolet, Inc. v. General Motors Corp., 446 F.3d 1137 (11th Cir. 2006). Graphnet has produced a tome of documents, is in the process of scanning thousands more and producing them as quickly as possible, and this is not a case for default or sanctioning a party who is diligently, and in good faith trying to comply with this honorable Court's Order and the patent rules of the Court.

WHEREFORE, Graphnet respectfully requests that the Court deny Plaintiff's motion for sanctions, or in the alternative to enter default judgment, and that this case proceed through discovery and onto trial if necessary.

Dated:     June 9, 2008.

RESPECTFULLY SUBMITTED,

                                  By:    /s Terry D. Jackson
                                           TERRY D. JACKSON
                                           Georgia Bar No. 386033
                                           Attorney for Defendant Graphnet, Inc.

TERRY D. JACKSON, P.C.
600 Edgewood Avenue
Atlanta, Georgia 30312
(404) 659-2400
(404) 659-2414 facsimile
tdjackson@mindspring.com