# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| CATCH CURVE, INC.,<br><br>      Plaintiff,<br><br>v.<br><br>GRAPHNET, INC.,<br><br>      Defendant. | Civil Action<br>File No. 1:06-CV-2386-CC |

## REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGEMENT OR, IN THE ALTERNATIVE, TO COMPEL DEFENDANT TO COMPLY WITH ITS DISCLOSURE OBLIGATIONS UNDER THE LOCAL PATENT RULES AND FOR SANCTIONS

Plaintiff Catch Curve, Inc. ("Catch Curve") hereby files its Reply Brief further illustrating why it is entitled to entry of a default judgment against Defendant Graphnet, Inc. ("Defendant") based on Defendant's willful failure to comply with its disclosure obligations under this Court's Local Patent Rules, which constitutes contempt of the Court's Order of February 26, 2008. In the alternative, Defendant should be compelled immediately to comply with its obligations under the Local Patent Rules. Catch Curve should also be awarded its costs and attorneys fees incurred in bringing this motion.

**A.     The Documents Produced By Defendant Before the Present Motion Was Filed Were Wholly Inadequate to Comply with Defendant's Disclosure Obligations Under the Local Patent Rules**

In its Response Brief, Defendant states that it produced over one hundred documents prior to the filing of Plaintiff's motion. (Defendant's Brief, p. 2). At page 5 of its brief, Defendant states that it "provided voluminous discovery documents on April 28, 2008." Copies of all of the disclosures and documents provided by Defendant prior to the filing of Plaintiff's motion were provided for the Court's review as exhibits to the motion. (See Exhibits B, C, and D).[1]  It is clear that the documents produced by Defendant prior to the filing of Plaintiff's motion were wholly insufficient to comply with Defendant's disclosure obligations under LPR 4.2 and 4.3.

---

[1]     Included within the documents referenced by Defendant is a copy of a Claim Construction Order concerning the patents-in-suit, which was entered by the United States District Court for the Central District of California on May 11, 2007 in the pending case captioned Catch Curve, Inc. v. Venali, Inc., Civil Action No. 2:05-cv-4820-DDP-AJW.  A copy of this Order was previously filed with the Court in this matter by Catch Curve on May 31, 2007 (Document 16 -- "Plaintiff Catch Curve, Inc.'s Notice of Non-Final Claim Construction Order in Other Pending Litigation Involving the Patents-in-Suit").  This 26-page Order constitutes approximately one-fourth of the alleged one hundred document disclosure made by Defendant on April 28, 2008.

**B.    The Absence of a Case Specific Protective Order Does Not Excuse Defendant's Noncompliance With Its Disclosure Obligations**

Contrary to the statement in Defendant's Response Brief (p. 2), Plaintiff's counsel never refused to discuss a protective order with counsel for Defendant. The issue was whether the Defendant's disclosure obligations under LPR 4.2 and 4.3 could legitimately be delayed while the parties negotiated a proposed stipulated protective order. Given the lengthy delays already encountered due to Defendant's ever changing cast of attorneys, Plaintiff's counsel directed the attention of Defendant's counsel to LPR 2.1, which protects confidential information prior to entry of a case specific protective order. Given the protection provided by LPR 2.1, Defendant's attempt to delay its compliance with its disclosure obligations in the absence of a case specific protective order was improper.[2]

---

[2]  In view of LPR 2.1, Defendant's ostensible reliance on the absence of a case specific protective order as an excuse for its noncomplaint behavior is a red herring. This is further confirmed by the fact that counsel for Plaintiff provided Defendant's current counsel with a draft Stipulated Protective Order on June 13, 2008, and asked for comments. To date, Defendant's counsel has not responded.

**C.     Defendant Admits That It Failed Timely to Comply with its Disclosure Obligations Under the Local Patent Rules and this Court's Order**

Defendant's Response Brief states that Defendant "is *in the process of* producing in excess of 1,000 additional documents to Plaintiff in this case." (Defendant's Brief, p. 5) (emphasis added).  This statement is nothing less than an *admission* that Defendant failed to comply with its LPR 4.2 and 4.3 disclosure obligations or the Court's February 26, 2008 Order.

Defendant's Response Brief was filed on June 9, 2008.  The date for Defendant's compliance with its LPR 4.2 and 4.3 disclosure obligations was originally January 28, 2008.  The effect of the Court's Order of February 26, 2008 was to extend the date for Defendant's compliance until April 28, 2008.  The Court specifically admonished Defendant, however, that "no further extensions will be granted" and that "Defendant's continued failure to respond may result in a default judgment for the Plaintiff."  Despite this specific admonishment, Defendant admits that it was still "in the process" of complying with its disclosure obligations more than *six weeks late*.

**D.     Defendant Improperly Attributes its Noncompliance with the Local Patent Rules and this Court's Order on Lack of Communication Between Defendant and its Counsel**

Despite the Court's explicit admonition against further delays by Defendant, including delays caused by lack of communication between Defendant and its

4

counsel, Defendant admits that its LPR 4.2 and 4.3 disclosures were due on April 28, 2008, and that the disclosures it made at that time were incomplete.  See Defendant's Response Brief, p. 1 ("Due to the fact that Defendant's counsel was new to the case, he did not have many of the documents necessary to respond to Plaintiff's disclosures.").

Defendant contends that the production of additional documents "within a 60-day time frame of Defendant's initial responses . . . is a (sic) more than a good faith effort to timely comply given the nature of this litigation -- the withdrawal of two law firms representing Defendant and Graphnet's struggle to find affordable local counsel to represent it in these matters." (Defendant's Response Brief, p. 7).

Incredibly, Defendant is again falling back on the withdrawal of two previous law firms as a basis for further delay and non-compliance with its disclosure obligations.  Defendant fails to mention that the withdrawal of the two previous law firms was due to Defendant's own failure and refusal to communicate with its counsel, which forced the counsel to withdraw.  Defendant's problems engaging and retaining counsel are problems of its own making, as the Court implicitly noted in its February 26, 2008 Order, and do not constitute a good faith basis for Defendant's failure to comply with the LPRs and this Court's Order.

**E.    The Response Brief Fails to Address the Inadequacies in Defendant's LPR 4.2 Responsive Claim Charts or its LPR 4.3 Invalidity Contentions**

The entire thrust of Defendant's Response Brief is that Defendant is in the process of making a more detailed document production.   Defendant fails to address the clear inadequacies of its LPR 4.2 Responses to Infringement Contentions or its LPR 4.3 Invalidity Contentions.

**1.    Defendant's (Non)Responsive LPR 4.2 Claim Charts[3]**

As set forth in detail in Plaintiff's Memorandum in support of the present motion, however, Defendant has failed to provide Responses to Infringement Contentions that comply with LPR 4.2.   Specifically, the (non)responsive claim charts provided to date by Defendant simply repeat, for each element of each asserted claim, the boilerplate statement "this element is not present within the accused service."

Defendant's blanket denial of each element of each asserted claim represents precisely the type of obfuscation and gamesmanship that the Local Patent Rules were intended to eliminate.   As this Court has noted, "the rules were enacted to elicit the parties' positions on infringement and invalidity early in the case.   By

---

[3]   A copy of Defendant's original noncompliant responses to infringement contentions (served 4/28/08) is filed as Exhibit C to Plaintiff's Motion.  A copy of Defendant's supplemental noncompliant responsive claim charts (received 5/13/08) is filed as Exhibit G, pages 4-37, to Plaintiff's motion.

requiring the parties to take positions sooner rather than later, the Local Patent Rules discourage gamesmanship and tend to facilitate early resolution of the dispute." McKesson Information Solutions LLC v. Epic Systems Corp., 495 F.Supp.2d 1329, 1332 (N.D. Ga. 2007).

Accordingly, Defendant's responses to infringement contentions remain noncompliant with the requirements of LPR 4.2 and this Court's Order.

**2.     Defendant's Noncompliant LPR 4.3 Invalidity Contentions[4]**

Likewise, Defendant's Brief does not address the inadequacy of Defendant's LPR 4.3 Invalidity Contentions.   As noted in Plaintiff's Memorandum, Defendant's alleged invalidity contentions fail to comply with the requirements of LPR 4.3 for at least the reasons that, although Defendant has provided certain references that it presumably alleges are prior art, Defendant has (1) failed identify whether each item of alleged prior art allegedly anticipates each asserted claim or renders it obvious; and (2) failed to provide a chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found.

---

[4]   A copy of Defendant's original noncompliant invalidity contentions (served 4/28/08) is filed as Exhibit D to Plaintiff's Motion.  A copy of Defendant's supplemental noncompliant invalidity contentions (received 5/13/08) is filed as Exhibit G, pages 38-106, to Plaintiff's motion.

Accordingly, Defendant's invalidity contentions remain noncompliant with the requirements of LPR 4.3 and this Court's Order.

**F.    Defendant's Belated Document Production is Addressed Only to its Obligations Under LPR 4.2(a)(2), and is Insufficient to Remedy its <u>Previous Noncompliance with that Rule</u>**

On June 12, 2008, Plaintiff finally received from Defendant a CD-ROM of additional materials, including some source code, which is apparently intended to comply with Defendant's obligation under LPR 4.2(a)(2) to provide, with its Response to Infringement Contentions, "a copy of source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation or composition of an Accused Instrumentality identified in the Disclosure of Infringement Contentions."

Even if the additional materials received on June 12, 2008 could be deemed sufficient to show the operation of the accused system as required by LPR 4.2(a)(2) (a point that Plaintiff does not concede), the belated production of the materials fails to comply with LPR 4.2(a)(2).[5]   These materials were provided more than *six weeks late*, and only *after* Plaintiff filed the present motion.  See McKesson, 495 F. Supp.2d at 1333 (noting that this type of information must be

---

[5]   Plaintiff specifically reserves the right to challenge whether the belated production is sufficient to show the operation of the accused system, as required by LPR 4.2(a)(2).

provided *with* an accused infringing party's Response to Infringement Contentions).

**G.     The Appropriate Remedy for Defendant's Willful Noncompliance with the Court's Order and its Obligations Under the Local Patent Rules is <u>Entry of a Default Judgment</u>**

Defendant's LPR 4.2 and 4.3 disclosures were required by April 28, 2008, pursuant to the Court's Order and admonition that no further extensions will be granted.  As set forth above, Defendant has still failed to comply with its obligations.

Defendant's Response Brief merely promises that more documents will be produced.  Defendant has failed to respond at all to the inadequacies in its LPR 4.2 (non)responsive claim charts and in its LPR 4.3 invalidity contentions.

This is unacceptable and amounts to a willful failure to abide by the Court's Local Patent Rules and this Court's Order.  Under these circumstances, the Court should enter a default judgment against Defendant deeming Catch Curve's Infringement Contentions admitted and precluding Defendant from challenging the validity of the patents-in-suit.  Such a remedy is appropriate under Federal Rules of Civil Procedure 37(b) and 41(b), and under the Court's inherent power to enter sanctions, due to Defendants' failure to comply with the Local Patent Rules and the Court's February 26, 2008 Order.  See <u>Roadway Express, Inc. v. Piper</u>, 447

U.S. 752, 763-64 (1980) (recognizing a court's authority under Rule 37 and its inherent power to control its docket to "render a judgment by default against the disobedient party"); see also Cintect International, Ltd. v. Parkes, 468 F.Supp.2d 77, 78 (D.D.C. 2006) (holding that entry of a default judgment in a patent case was an appropriate sanction against "an essentially unresponsive party" to protect the opposing party from "interminable delay and continued uncertainty" and to deter "those parties who choose delay as part of their litigative strategy").

If the Court believes that default is too severe a sanction, Catch Curve respectfully requests that Defendant be required immediately to comply with its disclosure/response obligations under the Local Patent Rules.

**H.    Catch Curve is Entitled to its Costs and Reasonable Attorneys' Fees Incurred in Bringing the Present Motion**

Rule 37(a)(5) of the Federal Rules of Civil Procedure provides that "[i]f the motion is granted -- or if the disclosure or requested discovery is provided after the motion was filed -- the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."

Here, Defendant's pattern of delay resulted in the filing of this motion. Defendant's Response Brief fails to address the inadequacies in its LPR 4.2

(non)responsive claim charts and its LPR 4.3 invalidity contentions.   Even if Defendant is given any credit for its belated document production, Catch Curve would still be entitled to its costs and attorneys' fees since such additional documents were provided "after the motion was filed." FED. R. CIV. P. 37(a)(5).

## CONCLUSION

For the reasons set forth above and in Plaintiff's original supporting Memorandum, a judgment of default should be entered against the Defendant based on its willful failure to comply with its disclosure/response obligations under this Court's Local Patent Rules, which constitutes contempt of the Court's Order of February 26, 2008.   In the alternative, Defendant should be compelled immediately to comply with its obligations under the Local Patent Rules.   In any event, Catch Curve should be awarded its costs and reasonable attorneys fees incurred in bringing this motion.

## LOCAL RULE BRIEF CERTIFICATION

The undersigned certifies pursuant to Local Rule 7.1(D) that the foregoing brief has been prepared with the font and point approved by the Court in Local Rule 5.1B and does not contain more than 10 characters per inch.

Respectfully submitted, this 25th day of June, 2008.

s/Dan R. Gresham
Scott A. Horstemeyer
Georgia State Bar No. 367836
Dan R. Gresham
Georgia State Bar No. 310280
Cynthia J. Lee
Georgia State Bar No. 442999
**THOMAS, KAYDEN, HORSTEMEYER
& RISLEY, L.L.P.**
600 Galleria Parkway
Suite 1500
Atlanta, Georgia 30339
Telephone:(770) 933-9500
Facsimile: (770) 951-0933

Attorneys for Plaintiff Catch Curve, Inc.

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

CATCH CURVE, INC.,                          )
                                            )
        Plaintiff,                       )
                                            )   Civil Action
v.                                          )   File No. 1:06-CV-2386-CC
                                            )
GRAPHNET, INC.,                             )
                                            )
        Defendant.                       )
                                            )
_____ )

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2008, a copy of the foregoing **"REPLY BRIEF IN SUPPORT PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT OR, IN THE ALTERNATIVE, TO COMPEL DEFENDANT TO COMPLY WITH ITS DISCLOSURE OBLIGATIONS UNDER THE LOCAL PATENT RULES AND FOR SANCTIONS"** was caused to be served upon the Defendant's attorney of record as indicated:

Terry D. Jackson, Esq.
**Terry D. Jackson, P.C.**
600 Edgewood Avenue
Atlanta, GA 30312
*Service via Electronic Filing with
the ND Ga. Clerk of Court using the CM/ECF system.*

s/Dan R. Gresham

13